IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wondell Timmons, Jr., | ) | Case No.: 4:24-cv-4528-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Grand Strand Water and Sewer | ) | |
| Authority, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 13.) Plaintiff Wondell Timmons, Jr. ("Plaintiff" or "Timmons"), who is proceeding pro se, brought this action alleging a violation of his civil rights by Defendant Grand Strand Water and Sewer Authority ("Defendant"). (DE 1.)

Plaintiff alleges Defendant exposed him to perfluoroalkyl substances/contaminates in the water when he showered, washed laundry, washed dishes, and prepared his food. (DE 1-1, p. 1.) Plaintiff says he dialed 911 on July 11, 2024, and made a verbal report to the Mullins Police Department concerning this chemical exposure. (*Id.*) Plaintiff states he informed the responding officer he

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

believed the water caused him to be sick after seeing a North Carolina news story. (*Id.*) Plaintiff states he was transported to the emergency room by EMS and he was prescribed Zyrtec for diagnosis: exposure to chemical inhalation. (*Id.*) Plaintiff seeks two billion dollars in damages. (*Id.* at 2.)

On August 27, 2024, the Magistrate Judge issued the Report recommending Plaintiff's Complaint be dismissed because, although Plaintiff indicates the court has jurisdiction over his claims pursuant to the diversity statute, 28 U.S.C. § 1332, "Plaintiff's Complaint fails to demonstrate complete diversity of parties as Plaintiff alleges that he and Defendant are citizens of South Carolina," such that "Plaintiff has not shown the court has diversity jurisdiction over his claims, therefore, his Complaint is subject to summary dismissal." (DE 13, pp. 3-4.)

Timmons objected to the Report on September 3, 2024 (DE 15); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute.*'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this

Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Specifically, Plaintiff states:

> I, the plaintiff Wondell Timmons Jr. is with order of petition and proposal filing with ordering a objection with the case name Timmons v. Grand Strand Water and Sewer Authority to proceed with the U.S. District Court of South Carolina with a U.S. District Court of South Carolina Judge to rule in I, the plaintiff Wondell Timmons Jr. favor with I, the plaintiff Wondell Timmons Jr. Two Billion Dollar Per- and polyfluoroalkyl substances Exposure with Per- and polyfluoroalkyl Substances chemical Inhalation with Grand Strand Water and Sewer Authority Lawsuit settlement with Compensation Order v. defendant Grand Strand Water and Sewer Authority based upon the documents I, the plaintiff Wondell Timmons Jr. has filed with the U.S. District Court of South Carolina with the Case name Timmons v. Grand Strand Water and Sewer Authority.

(DE 15, p. 1.) However, nowhere in Timmons's objection does he address jurisdiction, the basis for the Report's recommendation of dismissal. Therefore, the Court overrules the objection. Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report (DE 13) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process and any pending motions are otherwise terminated as moot.

**IT IS SO ORDERED**.

                                                                                            Joseph Dawson, III
                                                                                            United States District Judge

Florence, South Carolina
September 25, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.